UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

PRINCETON C. NORMAN,

    Plaintiff,

v.                                                  Case No. 5:24-cv-169-TKW-MJF

T. BOWDEN, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Princeton C. Norman, proceeding *pro se*, initiated this action in July by filing a complaint under 42 U.S.C. § 1983, and a prisoner consent form. Docs. 1, 2. At the time, Norman was an inmate of the Florida Department of Corrections incarcerated at the Cross City Correctional Institution. Doc. 1 at 13, 42.

    On August 9, 2024, the undersigned outlined several deficiencies in Norman's complaint and *in forma pauperis* application, and ordered Norman to file the following: (1) a notice of voluntary dismissal; or (2) an amended civil rights complaint on the Northern District's form accompanied by the $405.00 filing fee or a complete application for leave

to proceed *in forma pauperis*. Doc. 4.[1] The undersigned set a compliance deadline of September 9, 2024, and warned Norman that failure to comply with the order likely would result in this case being dismissed for failure to prosecute, failure to comply with an order of this court, and failure to pay the filing fee or properly seek leave to proceed *in forma pauperis*. *Id.* at 5.

The clerk of court mailed a copy of the order dated August 9, 2024, to Norman at his address of record. *See* Doc. 4. The mail was returned to the court on September 3, 2024 as undeliverable, marked: "Return to Sender;" "Unable to Forward." Doc. 5. The undersigned takes judicial notice of information available on the Florida Department of Corrections, Corrections Offender Network, Inmate Population Information Detail, located at www.dc.state.fl.us, viewed on this date, which indicates that Norman was released from prison on July 21, 2024. *See* Fed. R. Evid. 201. No release address or forwarding address is provided.

---

[1] Norman's complaint failed to set out claims and facts on the complaint form itself and instead referenced a memorandum. *See* N.D. Fla. Loc. R. 5.7(B). Also, the complaint and memorandum exceeded the 25-page limit. *Id.*

To date, Norman has not complied with the order dated August 9, 2024, and has not notified the court of his current address. No correspondence from Norman has been received since the filing of this lawsuit.

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice for Plaintiff's failure to comply with an order of this court,[2] and because it appears that Plaintiff has abandoned this litigation.

2. The clerk of court be directed to close this case file.

At Panama City, Florida, this 10th day of September, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding**

---

[2] "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (citations omitted); N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss an action, or any claim within it, "[i]f a party fails to comply with an applicable rule or a court order").

**dispositive matters.** ***See*** **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**